**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| MICHAEL S. GOLDBERG, LLC, and | : Case No. 09-23370 (JAM) |
| MICHAEL S. GOLDBERG, | : Substantively Consolidated |
| | : |
| Debtors. | : |
| | : |
| | : |
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE | : |
| SUBSTANTIVELY CONSOLIATED ESTATE OF MICHAEL | : Case No. 3:15-cv-01687 (AWT) |
| S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| SALLY A. LABONTE, TRUSTEE OF THE SCOTT A. | : December 9, 2019 |
| LABONTE DYNASTY TRUST, ET AL., | : |
| | : |
| Defendants | : |

**THE TRUSTEE'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION TO LIFT STAY AND REOPEN CASE**

Plaintiff, James Berman, Trustee (the "Trustee"), by and through his undersigned counsel, respectfully submits his Memorandum in Opposition to Defendants' Sally A. LaBonte, Trustee of the Scott A. LaBonte Dynasty Trust, Roland G. LaBonte, Trustee of the Scott A. LaBonte Dynasty Trust, Sally A. LaBonte, Devcon Enterprises, Inc., Marketplace Port St. Lucie, LP, RCZS, LLC, Cakemaker, LLC, Scott A. LaBonte, Scott A. LaBonte, Trustee of the Scott A. LaBonte Revocable Trust, and Sally A. LaBonte, Trustee of the Scott A. LaBonte Revocable Trust (collectively "Defendants"), Motion to Lift Stay and Reopen Case ("Defendants' Motion"). Defendants have failed to establish good cause to lift the stay that they agreed to and Defendants' Motion should be denied.

## ARGUMENT

On December 11, 2018, the Trustee, through his counsel, delivered to Defendants' counsel a draft complaint seeking relief from, *inter alia*, all Defendants other than Devcon Enterprises, Inc., Marketplace Port St. Lucie, LP, RCZS, LLC, and Cakemaker, LLC (the "Non-RICO Parties"), under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The December 2018 RICO complaint (hereinafter the "2018 RICO Complaint") was delivered to Defendants' counsel for the express purpose of seeking a pre-filing resolution of the RICO claims so that the Trustee did not have to commence a RICO action.

On December 28, 2018, following delivery of the 2018 RICO Complaint, the parties filed a Joint Motion for Stay Pending Completion of Settlement Negotiations. (*See* Docket Index ("D.I." 84). This Court granted the December 2018 joint motion for stay by order dated January 23, 2019. (*See* D.I. 84).

The Trustee and the Defendants, along with all other parties named as defendants in the 2018 RICO Complaint, conducted a mediation before the Hon. Holly Fitzsimmons in May 2019. The ripeness defense to the Trustee's RICO claims, which forms the basis for Defendants' purported good cause to lift the stay, and which Defendants' imply was only very recently discovered, was raised by multiple RICO defendants before and during the mediation. The mediation was unsuccessful.

On July 30, 2019, the Hon. Julie A. Manning conducted status conferences on pending related adversary proceedings and conducted hearings on a number of pending motions in the debtors' bankruptcy case. Counsel for the parties to this action and related adversary proceedings agreed during the July 30 hearings that the then pending stays of this action and the related adversary proceedings would continue to September 15, 2019.

The Trustee commenced a RICO action against, *inter alia*, all Defendants other than the Non-RICO parties on September 27, 2019, with the filing of a complaint (the "2019 RICO Complaint"). The 2018 RICO Complaint and the 2019 RICO Complaint are substantially similar, and any purported ripeness defense was known and identified long before the filing of the 2019 RICO Complaint. Moreover, the Trustee's counsel sent Defendants' counsel a courtesy copy of the 2019 RICO Complaint on September 27, 2019, the same day it was filed.

On September 30, 2019, following the commencement of the RICO action, the Trustee filed a Motion for Extension of Existing Stay on Consent (The "September Motion"). (*See* D.I. 113). The September Motion, which was provided to Defendants' counsel for review and consent prior to filing, represents that the "parties wish to avoid the cost of prosecuting and defending this action while the RICO action is pending." (*Id.*) On October 4, 2019, this Court granted the relief requested in the September Motion and directed that this case be administratively closed. (*See* D.I. 114).

On November 29, 2019, two (2) months after agreeing to a permanent stay, Defendants moved to terminate the stay, arguing that this action must be fully litigated in order for the RICO action to proceed. It makes absolutely no sense for a defendant to insist that one action pending against it move to judgment so that another, all-encompassing action under RICO, can also move forward. The only explanation for Defendants' change of position is that they believe that having this case stayed somehow undercuts the arguments they intend to make in a forthcoming motion to dismiss the RICO action. The impact of a stay of this action on arguments Defendants' may assert in the RICO action, an impact that will be non-existent since this action remains pending, does not constitute good cause to lift the pending stay, especially when the stay was agreed to after the RICO action was commenced and nearly ten (10) months after the 2018 RICO Complaint was delivered.

Defendants' Motion also assumes that their ripeness argument will prevail, but Defendants' do not get to make that determination. Defendants, and all other named RICO defendants, will move to dismiss the RICO action on ripeness grounds arguing that the Trustee has not been "successfully frustrated" in his efforts to enforce a now nearly $9 million judgment against Scott LaBonte, and therefore the Trustee's RICO claims based on lost debt are not ripe. The Trustee will vigorously oppose the motion to dismiss and the Hon. Vanessa L. Bryant, with whom the RICO action is pending, will decide whether the lost debt piece of the RICO action is ripe.[1]

If Judge Bryant determines that the Trustee's RICO action based on lost debt is not yet ripe the Trustee will make a determination as to how to proceed vis-à-vis this and other stayed actions. Until Judge Bryant rules on the issue of ripeness, which based on the number of defendants, the anticipated length of briefs, and the number of issues that will be raised, will likely not be until at least the summer of 2020, there is no reason to disturb the existing stay, a stay that was entered for the very purpose of avoiding the costs of prosecuting this action during the pendency of the RICO action.

Defendants have failed to establish good cause for the granting of the relief requested in Defendants' Motion, Defendants' Motion should be denied, and the existing stay should remain in effect until, at the earliest, the ripeness issue is decided by Judge Bryant.

**WHEREFORE**, The Trustee respectfully requests that the Defendants' Motion be denied and that the pending stay remain in place.

---

[1] Caselaw in the Second Circuit has distinguished between the ripeness of lost debt claims under RICO and ripeness of claims for the recovery of costs and fees expended as a result of racketeering activity, finding that even if a lost debt claim is not yet ripe, a claim for damages based on fees and expenses is ripe. Defendants do not contend that the Trustee's claims for recovery of costs and fees incurred as a result of racketeering activity are not presently ripe under RICO.

4

        James Berman, Chapter 7 Trustee for the
        Substantively Consolidated Estate of Michael S.
        Goldberg, LLC and Michael S. Goldberg

By: */s/ James M. Moriarty*
    James M. Moriarty (ct21876)
    ZEISLER & ZEISLER, P.C.
    10 Middle Street, 15th Floor
    Bridgeport, Connecticut 06604
    Tel: (203) 368-4234
    Email: jmoriarty@zeislaw.com

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| MICHAEL S. GOLDBERG, LLC, and | : Case No. 09-23370 (JAM) |
| MICHAEL S. GOLDBERG, | : Substantively Consolidated |
| | : |
| Debtors. | : |
| | : |
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE SUBSTANTIVELY CONSOLIATED ESTATE OF MICHAEL S. GOLDBERG, LLC AND MICHAEL S. GOLDBERG, | : Case No. 3:15-cv-01687 (AWT) |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| SALLY A. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE DYNASTY TRUST, ET AL., | : December 9, 2019 |
| | : |
| Defendants | : |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of December, 2019, the foregoing Memorandum in Opposition to Defendants' Motion to Lift Stay and Reopen Case was electronically filed. Notice of this filing will be sent electronically to all registered e-filers in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*/ s / James M. Moriarty*
James M. Moriarty (ct21876)

6