UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
In re:                       :
                             :
MICHAEL S. GOLDBERG, LLC, and : Case No.
MICHAEL S. GOLDBERG,         : 09-23370 (JAM)
                             : Chapter 7
                 Debtors.    : Substantively Consolidated
-----------------------------x-----------------------------x
                             :
JAMES BERMAN, CHAPTER 7      :
TRUSTEE FOR THE SUBSTANTIVELY :
CONSLIDATED ESTATE OF MICHAEL :
S. GOLDBERG, LLC AND MICHAEL :
S. GOLDBERG,                 :
                             :
         Plaintiff,          :
    v.                       : Civil No. 3:15cv1687(AWT)
                             :
SALLY A. LABONTE, TRUSTEE OF :
THE SCOTT A. LABONTE DYNASTY :
TRUST, et al.,               :
                             :
         Defendants.         :
-----------------------------x
```

## <u>ORDER DISMISSING CASE WITHOUT PREJUDICE</u>

For the reasons set forth below, the Trustee's Motion to
Dismiss Without Prejudice (ECF No. 125) is hereby GRANTED. This
case is hereby dismissed without prejudice and the defendants'
request that the dismissal be conditioned on the Trustee's
payment of the defendants' legal fees and the execution of a
covenant not to sue is denied.

The standard by which to evaluate a motion to dismiss without
prejudice was set forth in <u>Zagano v. Fordham University</u>:

Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. Voluntary dismissal without prejudice is thus not a matter of right. Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

900 F.2d 12, 14 (2nd Cir. 1990)(internal quotation marks omitted).

Given the circumstances of this case, the Trustee has been reasonably diligent in bringing the motion to dismiss. The court finds unpersuasive the defendants' contention that the Trustee's diligence should be evaluated based on information of which he was aware in 2014. The court agrees with the Trustee that "[w]hile [he] had learned by 2014 that SAL had denuded himself of all of his assets, such discovery did not alter the Trustee's justification to proceed with the fraudulent transfer actions since he sought in those actions to recover from the fraudulent transferees who had received SAL's assets." Pl.'s Reply Memorandum, ECF No. 129 ("Pl.'s Reply Memo") at 2. The court also finds persuasive the Trustee's contention that "[i]t was not until 2018 that the Trustee had determined that he had been successfully frustrated in his efforts to recover from the fraudulent transferees that he had sued, and that any recovery

-2-

that he might realize from such fraudulent transfer litigation would [not] exceed and thus did not justify its cost to the bankruptcy estate." Id. at 3.

Under these circumstances the Trustee's reasonable diligence is established by the fact that the Trustee communicated his conclusion that he had been successfully frustrated in the prosecution of this and other fraudulent transfer actions by providing a draft RICO complaint to counsel for the defendants in December 2018; sought authority from the Bankruptcy Court on February 28, 2020 to move to dismiss the fraudulent transfer actions once the stays were no longer in effect; and promptly filed a motion to dismiss after learning that Bankruptcy Court authority was not required to seek dismissal. Also, during this time period the Trustee had sought and obtained stays for the purpose of pursuing mediation that had been requested by certain of the defendants in the RICO action. Thus, the court does not find persuasive the defendants' suggestion that the real reason for the motion is that the Trustee knows he cannot prove his case.

There has been no "undue vexatiousness" on the part of the Trustee. The defendants' assertion that the Trustee is "using the Defendants as pawns", Defendants' Memorandum in Opposition, ECF No. 128 ("Defs.' Opp'n") at 16 and pursuing an "elaborate chess game" id., glosses over the reasoning underlying decisions

-3-

by the court in this litigation, as set forth by the Trustee in
his discussion of the court's conclusions when granting the
motion to compel discovery over the assertion of the attorney
client privilege because of the applicability of the crime fraud
exception. See Pl.'s Reply Memo at 5-6.

The third factor, the extent to which the suit has
progressed, including the defendants' efforts and their expense
in preparing for trial, is a neutral factor. Nonexpert discovery
was completed by November 2018. But the case was stayed before
the parties were required to engage in expert discovery. Thus
the defendants' contention that they have "generally undertaken
the preparation for trial", Defs' Oppn'n at 17, is not
persuasive. Nor is the fact that they have spent time preparing
for mediation or attempting to negotiate a settlement of the
case. The defendants emphasize that they have spent over
$450,000 to defend themselves in this case and the economic and
emotional toll on their lives has been equally costly, but the
court places greater weight on its conclusions related to the
applicability of the crime fraud exception.

The fourth factor is the duplicative expense of relitigation. Any duplication will not result in unfair prejudice. As stated by the Trustee,

> Many of the operative facts alleged in this action have been asserted in the RICO Action. But the RICO Action involves much more, including each . . . defendant's participation in a racketeering enterprise to obstruct the Trustee's effort to collect the SAL Judgment over the course of many more years than the transfers alleged in this action. The RICO Action also involves numerous other transfers and additional fraudulent and criminal acts, and the participation of professionals also named as defendants in the RICO Action.

Pl.'s Reply Memo at 8. As observed by the court in Jaskot v. Brown, "the mere fact that the plaintiff may seek to include the allegations contained in this complaint in a subsequent proceeding is not sufficient legal prejudice." 167 F.R.D. 372, 374 (S.D.N.Y. 1996).

The Trustee's explanation for the need to dismiss is more than adequate. The Trustee moves to dismiss this action because of his conclusion that there is no reasonable prospect for a net recovery for the Estate, and the Trustee has set forth facts that more than support that conclusion.

Finally, with respect to the defendants' request that dismissal without prejudice be conditioned on the Trustee's payment of their legal fees and the execution of a covenant not to sue, the court agrees with the Trustee's position that it would be an injustice to make dismissal without prejudice subject to such conditions. See Pl.'s Reply Memo. at 10.

The Clerk shall close the case.

It is so ordered.

Dated this 16th day of February 2021, at Hartford,

Connecticut.

                                    /s/ AWT
                            _____
                              Alvin W. Thompson
                            United States District Judge